*1185 On Rehearing
TYSON, Judge.
At counsel’s urging we extend this opinion to include portions of the trial court’s oral charge which commences on Record Page 306, and to which no exceptions were taken by his attorneys (R. p. 316).
That portion of the oral charge covering manslaughter is as follows (R. pp. 313-314):
“Now, Manslaughter in the First Degree is also included in this indictment, as is Manslaughter in the Second Degree.
“Manslaughter in the First Degree is voluntarily depriving a human being of life, and I quote, our Court has elaborated on that saying that Manslaughter as defined in common law and under the statute declaratory thereof consists of the unlawful killing of a human being without malice expressed or implied.
“Now, none of the elements that constitute Murder are involved in Manslaughter. Manslaughter is the voluntarily depriving a human being of life but without malice. That is Manslaughter in the First Degree.
“Now, Manslaughter in the Second Degree is the unlawful killing of, but accidental killing of a human being without any intent to kill. It may be by a lawful act — a man may be guilty of Manslaughter in the Second Degree in doing a lawful act in a grossly negligent manner. “In order to reach a verdict of guilt in this case all of you and each one of you individually has to reach a verdict of guilt. All of you as a group and each one of you individually must be convinced beyond a reasonable doubt and to a moral certainty of the guilt of the defendant. And the verdict must be the verdict of all twelve of you, otherwise you cannot convict the defendant.”
We have examined refused charges 24 and 30, dealing with manslaughter in the first and second degree and are of the opinion that applicable elements are fairly and adequately covered in the foregoing charge. § 12-16-13, Code of Ala. 1975 (formerly Title 7, Section 273, Code of Alabama 1940).
At counsel’s request we have again examined written refused charges 43, 44, 45, and 46, all of which deal with the question of whether or not the defendant “intentionally fired the gun that killed the deceased.” These charges were properly refused in that they were argumentative under the evidence in this cause and therefore invasive of the province of the jury. § 12-16-13, Code of Ala. 1975.
OPINION EXTENDED, APPLICATION OVERRULED.